# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSE DEL REAL,

          Plaintiff,

                            CIVIL ACTION

v.

                            Case No. 10-1095-JTM-DJW

STATE OF KANSAS,

          Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Appoint Counsel (doc. 4). For the reasons set forth below, the motion is denied.

**I.    Standard for Appointing Counsel**

Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e).[2] The appointment of counsel under § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court may consider a variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel."). The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* Jan. 7, 2009 Order (doc. 5).

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

This Court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his/her own efforts.[5] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the plaintiff is unable to retain counsel through his or her own efforts. Accordingly, this Court requires that a plaintiff seeking appointment of counsel contact several attorneys to determine whether they would agree to represent the plaintiff. Indeed, the Court's form motion for appointment of counsel, which Plaintiff filed in this case, contains the following provision:

> I understand that <u>before</u> the court will consider appointing a lawyer for me I must contact the Lawyer Referral Service, 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111, to get names of lawyers in the Kansas City area (both Missouri and Kansas attorneys) who handle cases like this case.[6]

The form then asks the plaintiff to certify that he/she has made a good faith effort to find a lawyer and requires the plaintiff to list the lawyers whom he/she has contacted.

**II.  Discussion**

The Court has issued an Order (doc. 6) directing Plaintiff to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted. For the various reasons set forth in the Show Cause Order, the Court

---

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

[5]*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. (applying rule in employment discrimination case).

[6]Mot. for Appointment of Counsel (doc. 4) at. p.1 (emphasis in original)

does not find that Plaintiff's claims have sufficient merit to warrant the appointment of counsel. The Court has a limited pool of volunteer attorneys and is unable to grant requests for counsel in every case.

In addition, the Court notes that Plaintiff left blank that portion of his Motion for Appointment of Counsel which asks him to list the attorneys that he has contacted regarding representation. It appears then that Plaintiff has taken no actions to obtain an attorney. The Court therefore finds that Plaintiff has failed to make a diligent attempt to secure counsel through his/her own efforts. This is additional grounds for denying Plaintiff's request for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 4) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of April, 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties